**Sidney J. PEW, et al., Plaintiffs,**

v.

**Leo SCOPINO, et al., Defendants.**

**Civ. No. 93–317–P–H.**

United States District Court,
D. Maine.

April 7, 1995.

Richard L. O'Meara, Christopher B. Branson, Murray Plumb & Murray, Portland, ME, for plaintiffs.

Peter J. Brann, Asst. Atty. Gen., Augusta, ME, for defendants Skofield, Amoroso, Kurz, Ouellette, Atwood, Durgin and Stricker.

Robert M. Napolitano, Portland, ME, for defendant Russo.

George T. Dilworth, Asst. Atty. Gen., Portland, ME, for defendants Sullivan, Dietz, Barker and O'Brien.

Peter J. DeTroy, III, David P. Very, Theodore H. Kirchner, Norman Hanson & DeTroy, Portland, ME, for defendants Tibbetts, Herrick, Hill, Davis and Holland.

William R. Fisher, Monaghan Leahy Hochadel & Libby, Portland, ME, for defendants Scopino and Strome.

Jeffrey T. Edwards, Preti Flaherty Beliveau & Libby, Portland, ME, for defendants Cayer and Carter.

## ORDER ON MOTION TO RECONSIDER SUMMARY JUDGMENT BY PLAINTIFFS PEW AND KEENE

HORNBY, District Judge.

The motion is **DENIED.** The plaintiffs' motion is essentially a reargument of their earlier opposition to summary judgment. I have already set forth in detail my reasons for granting summary judgment against the Pew and Keene plaintiffs.

■ I make several observations on the state of the record in this case. First, I refer the plaintiffs to Local Rule 19(b) in light of the First Circuit's advice in *Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922, 930–32 (1st Cir.1983). Concerned with the trial court's difficulty in ferreting out genuine factual disputes from a sprawling record, the First Circuit suggested in *Stepanischen* that local rules be established requiring the parties to guide the court with citations to the record for each point of material fact in summary judgment motions. Our Local Rule 19(b) implements *Stepanischen.* A trial judge cannot comb through every deposition, affidavit, pleading, and interrogatory answer in search of disputed factual issues. The parties are bound by their Rule 19 Statements of Fact and cannot challenge the court's summary judgment decision based on facts not properly presented therein.

■ The plaintiffs' motion for reconsideration points to testimony that a MEP helicopter flew "over" Pew's house, not merely near

it. But those statements by pilot Dietz and plaintiff Pew were not cited in the Plaintiffs' Rule 19 statement[1] and therefore were not properly before me on summary judgment. Moreover, when the plaintiff Pew was asked whether the helicopter flew directly over his house, he answered: "It flew very close. I cannot definitely say that it went over it, but it came within fifty feet of going over my house." S. Pew Dep. of 5/6/94 at 76. Therefore, my conclusion that Pew's Fourth Amendment rights were not violated is unchanged.

· I am asked to reconsider the summary judgment against the Keene plaintiffs in light of Karen Keene's statement that the helicopter flew between her house and a nearby tree, arguably part of the curtilage. But she retracted that account when confronted with her contradictory interrogatory answer. She then explained that the helicopter *appeared* to be there, but must have been further back behind the house, over the river, because it could not fit in such a small space. K. Keene Dep. at 172–73.

The plaintiffs' motion cites numerous other facts to assert that the Keene and Pew overflights were intrusive and violated flight safety regulations, destroying reasonable expectations of privacy. I carefully considered each of those facts and arguments before making my earlier ruling.

Accordingly, the motion for reconsideration is DENIED.

So ORDERED.

---

1. The plaintiffs did refer to the Dietz statement in a filing entitled "Plaintiffs' Response to State Defendants' Statement of Material Facts" (Docket Item No. 115). The introductory paragraph of that filing states that the document was "in addition to Plaintiff's Statement of Material Facts under Rule 19(b)(2)" and was "created for the Court's convenience." A party cannot oblige the court to look beyond its Rule 19 statement with some "additional" filing such as this. The convenience of the court is best served by direct compliance with Rule 19(b).